## SCHAEFER v CONSOLIDATED IRON-STEEL MFG CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 9961. Decided Feb 24, 1930

Francis J. Cook, Cleveland, for Schaefer.
J. R. Kistner, Cleveland, for Mfg. Co.

**VICKERY, PJ.**

The only question that needs to be considered in this case is a question of fact and that is, Did F. M. Ashman and Son employ three or more workmen? It seems as though this might depend upon the question as to whether the son in the firm of F. M. Ashman and Son was really a partner with his father. If he were, then he could not be counted as a workman, but we think a fair reading of this record will show that while it was a partnership in form, the father F. M. Ashman was really doing business for himself as F. M. Ashman and Son, and the son was an employee of the father and could be counted as one employee to make up the regularly employed; but an examination of this record and the testimony of Ashman himself will disclose that he never had three or more men regularly employed. He answers the question so himself, and that seems to be the trend of this entire record. There is a bit of evidence in the record which will show that, at the time of this injury, or shortly theretofore, three men had worked for Ashman at one time, but it does not show,—in fact it shows the contrary,—that they were regularly employed, or that three were regularly employed. The son was regularly employed and then at one time the father had Kerns and at another time Louis Schaefer, the man who was injured, and at another time "blank", whose name does not seem to be in the record, but nowhere does it appear that any or all of these men were regularly employed. If he had a job, he would call in an extra man. He had no definite rules of employment and the men were not definitely employed for any particular time, and one construction that can be put upon this testimony is that at **no time** were three men working for him; but giving it the most liberal construction possible, all one can say for it is that at one particular time he might have had three men working for him, but nowhere were they **regularly** employed by him, and so this record shows that F. M. Ashman and Son including the son as a workman, never employed three or more men regularly and, therefore, he did not come within the industrial compensation act; and if Ashman was not obliged to comply with the compensation act a workman for him could not hold

Ashman's employer responsible. .

That being the sole question before the commission and the sole question before the Common Pleas Court, and they both having decided that F. M. Ashman and Son did not regularly employ three or more men, we cannot see that there is any error in this record, for we think the record bears out this contention.

employ three or more men, we cannot see that there is any error in this record, for we think the record bears out this contention.

There being no error in the record, the judgment of the Common Pleas Court will be affirmed.

Sullivan and Levine, JJ., concur.